UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FREDERICK PAYNE, SR., : | |
| Plaintiff, : | |
| : | |
| v. : | CASE NO. 3:08-cv-657 (CFD) |
| : | |
| FRANCISCO ORTIZ, JR., et al., : | |
| Defendants. : | |

**RULING ON DEFENDANTS' MOTION TO DISMISS**

Plaintiff Frederick Payne, Sr. ("Payne") filed a complaint pro se under 42 U.S.C. § 1983 (2000) challenging the actions of six members of the New Haven Police Department, Chief Francisco Ortiz, Jr., Lieutenant Joann Peterson, Sergeant Luiz Casanova, Detective Manuella Vensel,[1] and Officers Carlos Colon and Carlos Roman. He alleges that the defendants violated his Fourth, Fifth and Fourteenth Amendment rights by illegally searching his apartment, using excessive force against him and charging him with felonies. Defendants move to dismiss all claims against them in their official capacities as well as the claims against defendants Ortiz and Peterson in their individual capacities. For the reasons that follow, defendants' motion is granted.

**I.   Standard of Review**

When considering a motion to dismiss, the court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Flores v. Southern Peru Copper Corp., 343 F.3d 140, 143 (2d Cir. 2003). The court considers not whether the plaintiff ultimately will prevail, but whether he has stated a

---

[1]Defendant Vensel is incorrectly identified in the complaint as Venzel.

claim upon which relief may be granted so that he should be entitled to offer evidence to support his claim.  See York v. Association of Bar of City of New York, 286 F.3d 122, 125 (2d Cir.), cert. denied, 537 U.S. 1089 (2002).

In reviewing the complaint in response to a motion to dismiss, the court applies "a 'plausibility standard,' which is guided by two working principles."  Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009).  First, the requirement that the court accept as true the allegations in the complaint "'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'"  Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1949).  Second, to survive a motion to dismiss, the complaint must state a plausible claim for relief.  Determining whether the complaint states a plausible claim for relief is "'a context-specific task that required the reviewing court to draw on its judicial experience and common sense.'"  Id. (quoting Iqbal, 129 S. Ct. at 1950).  Even under this standard, however, the court liberally construes a pro se complaint.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Boykin v. KeyCorp, 521 F.3d 202, 213-14, 216 (2d Cir. 2008).

II.   **Facts**

Payne alleges that, on August 15, 2006, defendants Casanova, Colon and Roman illegally entered and searched his apartment.  When Payne objected, the defendants attacked Payne, handcuffed him and threw him on the bed.  Defendant Casanova threatened to hit Payne with his nightstick if he did not stop talking.  The officers arrested Payne for the burglary of a supermarket, and related charges.  After

they found a stolen cell phone, the officers called for a detective and defendant Vensel arrived at the apartment. At the police station, Payne was charged with two felonies despite his assertion that he did not commit the burglary. On March 11, 2008, the charges were dismissed.

On September 3, 2006 and September 12, 2006, Payne wrote letters to defendant Lt. Peterson complaining of the actions of defendants Casanova, Colon, Roman and Vensel. When he received no response, he wrote to defendant Chief Ortiz. The only response to his complaint was a November 2007 letter from defendant Peterson which referenced an incorrect incident date, incorrectly stated that Payne had filed a citizen complaint form and included an incorrect contact number.

## III.  Discussion

Payne alleges that the defendants violated his Fourth, Fifth and Fourteenth Amendment rights to be free from "unreasonable search, illegal search, assaults, brutality, false arrest, false reports and false incarceration." Compl., ¶¶ 19, 23. Defendants move to dismiss on two grounds: (1) Payne fails to state a claim against any defendant in his or her official capacity because he does not allege facts supporting a claim of municipal liability and (2) Payne fails to allege either the personal involvement of defendants Ortiz and Peterson or facts supporting a claim of supervisory liability against them.

### A.  Official Capacity Claims

Payne names all defendants in their individual and official capacities. A section 1983 claim against a municipal employee in his or her official capacity is treated as a

claim against the municipality itself. See Patterson v. County of Oneida, N.Y., 375 F.3d 206, 226 (2d Cir. 2004). Thus, the court must determine whether Payne has stated a cognizable municipal liability claim.

In Monell v. Department of Social Services, 436 U.S. 658, 691 (1978), the Supreme Court set forth the test for municipal liability. The municipality may be liable for allegedly unconstitutional acts of a municipal employee if the plaintiff was subjected to the denial of his constitutional rights as a result of an official policy or custom. See Zahra v. Town of Southold, 48 F.3d 674, 685 (2d Cir. 1995). A municipality cannot be held liable under section 1983 solely on a theory of respondeat superior. See 436 U.S. at 694-95. There must be "a direct causal link between a municipal policy or custom, and the alleged constitutional deprivation." City of Canton v. Harris, 489 U.S. 378, 385 (1989).

Payne has not alleged any facts supporting a claim involving an "official policy or custom." The complaint describes only one incident. In his first letter to defendant Peterson, Payne calls the officers "renegades" and attributes the actions taken against him as support by the individual Latino officers for a Latino-run business, the supermarket that was burglarized. See Compl., Ex. 1 at 3. In addition, Payne did not amend his complaint in response to the motion to dismiss to include allegations of "official policy or custom." The court concludes that Payne fails to allege any facts supporting a claim of municipal liability and, therefore, does not state a claim against any defendant in his or her official capacity. Defendants' motion to dismiss is granted as to all official capacity claims.

B.     **Personal Involvement and Supervisory Liability**

In an action filed pursuant to 42 U.S.C. § 1983, liability is imposed only on the official causing a constitutional violation.  It is settled law in this circuit that in a civil rights action for monetary damages against a defendant in his individual capacity, a plaintiff must demonstrate the defendant's direct or personal involvement in the actions which are alleged to have caused the constitutional deprivation.  See Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994).  Payne does not allege that defendants Peterson and Ortiz participated in the incident underlying his claims.

In his complaint, Payne alleges that defendants Lt. Peterson and Chief Ortiz failed to respond to his letters about the allegedly unlawful conduct of the remaining defendants.  See Compl., ¶¶ 13-15.  He attaches to his complaint two letters to defendant Peterson, a letter to defendant Ortiz, a letter from defendant Peterson and a response to defendant Peterson indicating that his letter contained incorrect information.  See Id. at 17-24.  In opposition to the motion to dismiss, Payne states that the term "response" in the complaint meant more that failure to respond to his letters.  He explains that his claim also includes the failure of defendants Peterson and Ortiz to follow department rules.  He argues that they should have interceded and had the charges against him dismissed.

Payne has no constitutional right to an adequate investigation by Lt. Peterson or Chief of Police Ortiz or to an adequate punishment of the officers about whom he complained.  See Santossio v. City of Bridgeport, No. 3:01cv1460(RNC), 2004 WL 2381559, at *4 (D. Conn. Sept. 28, 2004) (citing DeShaney v. Winnebago County Dep't

of Soc. Servs., 489 U.S. 189, 195 (1989)). Thus, Payne fails to state a claim against defendants Peterson and Ortiz for their failure to respond to his letters.

Payne alleges that defendants Peterson, a lieutenant, and Ortiz, the Chief of Police, were "superior over the other named defendants." Compl., ¶ 22. Because he argues that defendants Peterson and Ortiz should have interceded to have the charges dismissed, the court will consider whether Payne states a cognizable claim of supervisory liability.

The doctrine of respondeat superior is inapplicable in section 1983 cases. See Blyden v. Mancusi, 186 F.3d 252, 264 (2d Cir. 1999). Thus, supervisors are not automatically liable under section 1983 when their subordinates commit a constitutional tort. Plaintiff may show supervisory liability by demonstrating one or more of the following criteria: (1) the defendant actually and directly participated in the alleged acts; (2) the defendant failed to remedy a wrong after being informed of the wrong through a report or appeal; (3) the defendant created or approved a policy or custom that sanctioned objectionable conduct which rose to the level of a constitutional violation or allowed such a policy or custom to continue; (4) the defendant was grossly negligent in his supervision of the correctional officers who committed the constitutional violation; and (5) the defendant failed to act in response to information that unconstitutional acts were occurring. See Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir. 2003). In addition, plaintiff must demonstrate an affirmative causal link between the inaction of the supervisory official and his injury. See Poe v. Leonard, 282 F.3d 123, 140 (2d Cir. 2002).

Liberally construing the allegations in the complaint and the attached exhibits, as the court must when considering a motion to dismiss, the court concludes that Payne alleges that defendants Peterson and Ortiz failed to act in response to his letters informing them that constitutional violations had occurred.  The solitary incident underlying the complaint occurred weeks before Payne notified defendants Peterson and Ortiz.  Clearly, defendants Peterson and Ortiz could not have prevented what plaintiff characterizes as a "renegade action."

Regarding his claim of false arrest and false incarceration, Payne alleges that the burglary charges were dismissed on March 11, 2008.  The court takes judicial notice of the records of the Connecticut Department of Correction on their website.  See Browdy v. Karpe, No. 3:00cv1866 (CFD), 2004 WL 2203464, at *2 n.3 (D. Conn. Sept. 20, 2004) (taking judicial notice of correctional records of admission and discharge); Ligon v. Doherty, 208 F. Supp. 2d 384, 386 (E.D.N.Y. 2002) (taking judicial notice of records posted on New York State Department of Correctional Services website).  The records show that Payne was most recently admitted to the custody of the Connecticut Department of Correction on March 27, 2007, and, on March 7, 2008, was sentenced to a maximum sentence of six years for violation of probation or conditional discharge. See www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=82821 (last visited Sept. 15, 2009).  As the dismissal of the burglary charges occurred a few days after Payne was convicted and sentenced for violation of probation, it is not clear whether the charges were dismissed for lack of evidence, as Payne assumes, or in conjunction with the other conviction and sentence.  In his memorandum, Payne does not clarify the

circumstances under which the charges were dismissed.

The court cannot determine whether an investigation by either defendant Peterson or Ortiz into Payne's claims would have resulted in the earlier dismissal of the charges. Thus Payne fails to allege facts establishing a causal connection between the conduct of defendants Peterson and Ortiz and his confinement. The court concludes that the complaint lacks facts showing a plausible, rather than possible, claim of supervisory liability regarding the allegations of false arrest and false incarceration. See Iqbal, 129 S.Ct. at 1949 (plausibility standard is not a probability requirement but requires more than a "sheer possibility that a defendant has acted unlawfully"). Thus, any supervisory liability claim fails and defendants' motion to dismiss is granted on this ground.

### IV.    Conclusion

Defendants' Motion to Dismiss [**Dkt. #15**] is **GRANTED**. The case will proceed only on the claims against defendants Casanova, Vensel, Colon and Roman in their individual capacities.

**SO ORDERED.**

Dated at Hartford, Connecticut, this 28th day of December, 2009.


/s/ Christopher F. Droney
Christopher F. Droney
United States District Judge