UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| FREDERICK PAYNE, SR., : | |
|     Plaintiff, : | |
| : | |
|   v. : | Case No. 3:08-cv-657 (CFD) |
| : | |
| FRANCISCO ORTIZ, et al., : | |
|     Defendants. : | |

**MAGISTRATE'S RULING ON PLAINTIFF'S MOTION TO COMPEL [Doc. #40]**

    In this civil rights action, plaintiff Frederick Payne, Sr., ("Payne") challenges the search of his girlfriend's apartment, his seizure, and his arrest by the defendants. Payne has filed a motion to compel responses to January 2011 production requests seeking copies of all grievances, complaints, internal investigation documents or other documentation regarding any and all misconduct by any defendant since they were first employed by the New Haven Police Department. For the reasons that follow, Payne's motion is DENIED.

    Rule 37, D. Conn. L. Civ. R., requires that, before filing a motion to compel, the moving party must confer with opposing counsel in a good faith effort to resolve the dispute. The purpose of this rule is to encourage the parties to resolve discovery disputes without court intervention. See Hanton v.

Price, No. 3:04cv473(CFD), 2006 WL 581204, at *1 (D. Conn. Mar. 8, 2006).  If discussions are not successful, the party moving to compel must submit an affidavit certifying the attempted resolution and specifying which issues were resolved and which remain.  In his affidavit, Payne states that he attempted to resolve the dispute by writing a letter to defendants' counsel.  He has provided a copy of the letter.  See Doc. #42, Ex. 3.

In March 2011, the defendants objected to the three requests for production on the grounds that the requests were overly broad, vague, unduly burdensome and not relevant to any of the issues in the complaint.  The defendants specifically noted that the requests were not limited to the subject matter of the complaint or limited to a reasonable time period before the incident that led to the complaint.  See Doc. #42, Ex. 2.  In his letter, Payne referenced the Federal Rules of Evidence and reiterated his original requests.  Payne's failure to narrow his requests in time or scope indicates to the court that he has not made a good faith effort to resolve this matter.  Accordingly, the motion to compel is denied.

In addition, on May 3, 2011, the plaintiff served a second request for production of documents seeking the same information in more detail than in the first request.  He made no attempt to narrow the scope of information sought and appears to have expanded the time period covered.  The defendants objected to

these requests as untimely as well as for the reasons they objected to the first set of production requests.  Although the motion to compel specifically references only the January 2011 request, Payne discusses the second request in his affidavit and submits as exhibits the second request for production and the defendants' responses.

This case was filed in April 2008.  On December 15, 2010, the court specifically denied Payne's request to extend discovery in this case until June 1, 2011.  The court ordered that all discovery be completed by February 1, 2011.  Payne neither sought, nor was granted, permission to serve discovery requests after that date.  Thus, to the extent the motion to compel is directed to the second request for production, the motion is denied as the requests were untimely filed.

In conclusion, Payne's motion to compel [**Doc. #40**] is **DENIED**.

**SO ORDERED** this 6th day of December 2011, at Hartford, Connecticut.

/s/ Thomas P. Smith
Thomas P. Smith
United States Magistrate Judge